FILED

11/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0464

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0464

LYLE PERRY TAGGART,

Petitioner,

v.

JIM SALMONSEN,
Warden, Montana State Prison, Deer Lodge,

Respondent.

FILED

NOV 3 0 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Lyle Perry Taggart has filed a Petition for Rehearing of this Court's October 5, 2021 Order denying him habeas corpus relief. Taggart states that he "was only to serve 20 years as a sentence, per PFO only." He contends that this Court's recent Order conflicts with a 2014 decision where we granted him habeas corpus relief in part to correct his invalid sentence as a persistent felony offender (PFO). *See Taggart v. Salmonsen*, No. OP 14-0558, Order (Mont. Oct. 22, 2014) (hereinafter the 2014 decision). Calling the 2014 decision the law of the case, he asserts that "[t]he only legal sentence in Taggart's original [judgment] was the 20 year PFO sentence imposed . . . ." Taggart argues that he cannot be resentenced twice for the same offense, yet he requests that this matter be remanded again.

M. R. App. P. 20(1)(a) provides the three criteria for this Court to "consider a petition for rehearing . . . :"

(i) That it overlooked some fact material to the decision;
(ii) That it overlooked some question presented by counsel that would have proven decisive to the case; or
(iii) That its decision conflicts with a statute or controlling decision not addressed by the supreme court.

M. R. App. P. 20(1)(a)(i)-(iii). Pursuant to M. R. App. P. 20(1)(d), a petitioner must demonstrate extraordinary circumstances when this Court denies a petition for relief.

Taggart never received "only" a twenty-year sentence. Taggart received three sentences in June 1999, when the Custer County District Court sentenced him for felony sexual intercourse without consent, felony sexual assault, and a PFO, resulting in a total sentence of 100 years.

Our recent Order in this matter does not conflict with the 2014 decision. The District Court resentenced Taggart, removing the sentence for a PFO, in December 2014. The District Court resentenced Taggart to Montana State Prison for sixty years for sexual intercourse without consent and to a consecutive forty-year term for sexual assault. We pointed this out in our October 5, 2021 Order and concluded that:

> Taggart has not demonstrated an illegal sentence. While Taggart's total sentence remains 100-year prison term, none of his sentence constitutes a PFO sentence. The original infirmity has been remedied. Taggart is not entitled to habeas corpus relief. Section 46-22-101(1), MCA.

*Taggart v. Salmonsen*, No. OP 21-0464, Order, at 2 (Mont. Oct. 5, 2021).

This Court has addressed Taggart's arguments before with the denial of his previous petition. Taggart brings nothing new here except a misapplication of various legal doctrines in his petition for rehearing. He has not demonstrated that this Court overlooked any material fact or any legal question. He has not shown that our recent decision conflicts with any law or the 2014 decision. Taggart has not demonstrated any extraordinary circumstances to warrant rehearing. Accordingly,

IT IS ORDERED that Taggart's Petition for Rehearing is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and Lyle Perry Taggart personally.

DATED this 30 day of November, 2021.

_____
Chief Justice

2

_____

_____

_____

_____
Justices